UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| SCOTT MICHAEL SHAFFER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-cv-00968 |
| HSBC BANK NEVADA, NA d/b/a HSBC CARD SERVICES, INC., and THE EASTPOINT RECOVERY GROUP, INC., | ) |
| Defendants. | ) |

ANSWER OF DEFENDANT HSBC BANK NEVADA, N.A.

Defendant HSBC Bank Nevada, NA ("HBN"), improperly identified as HSBC Bank Nevada, N.A. d/b/a HSBC Card Services, Inc.," hereby responds to Plaintiffs' Complaint by denying each and every allegation not specifically admitted herein, and further responding as follows:

1. Upon information and belief, HBN admits the allegations of Paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3. HSBC Bank Nevada, N.A. admits that it is a national bank chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 et seq. and admits that it has conducted business in West Virginia.

1

4. Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 4 of Plaintiff's Complaint.

5. HBN can neither admit nor deny the allegations in Paragraph 5 of Plaintiff's Complaint.

6. HBN can neither admit nor deny the allegations in Paragraph 5 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

8. Paragraph 8 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

9. HBN admits that Plaintiff is in arrears on the account at issue; otherwise, HBN denies the allegations in paragraph 9 to the extent they call for a legal conclusion and denies any factual allegations, except to admit that Plaintiff and HBN communicated regarding the account at issue in this matter but denies that the allegations set forth in this paragraph are a complete and/or accurate description of the substance, nature, and contents of those communications.

10. Paragraph 10 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. HBN can neither admit nor deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12. HBN denies the allegations in Paragraph 12 to the extent they call for a legal conclusion and denies any factual allegations, except to admit that Plaintiff and HBN communicated regarding the account at issue in this matter but denies that the allegations set forth in this paragraph are a complete and/or accurate description of the substance, nature, and contents of those communications.

13. HBN denies the allegations in Paragraph 13 to the extent they call for a legal conclusion and denies any factual allegations, except to admit that Plaintiff and HBN communicated regarding the account at issue in this matter but denies that the allegations set forth in this paragraph are a complete and/or accurate description of the substance, nature, and contents of those communications.

14. In response to Paragraph 14 of Plaintiff's Complaint, HBN admits that it keeps certain records relating to telephone calls, but denies any and all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. HBN denies the allegations in Paragraph 15 to the extent they call for a legal conclusion and denies any factual allegations, except to admit that Plaintiff and HBN communicated regarding the account at issue in this matter but denies that the allegations set forth in this paragraph are a complete and/or accurate description of the substance, nature, and contents of those communications.

16. HBN can neither admit nor deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17. HBN can neither admit nor deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. HBN can neither admit nor deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. HBN can neither admit nor deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. HBN can neither admit nor deny the allegations in Paragraph 20 of Plaintiff's Complaint.

<p align="center">Count I: Violation Of The WVCCPA By HBN</p>

21. In response to Paragraph 21 of Plaintiff's Complaint, HBN re-alleges and incorporates by reference its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Paragraph 22, including all subparts, of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 22, including all subparts, of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 23 of Plaintiff's Complaint.

<p align="center">Count II: Common Law Negligence By HBN</p>

24. In response to Paragraph 24 of Plaintiff's Complaint, HBN re-alleges and incorporates by reference its responses to Paragraphs 1 through 23 as if fully set forth herein.

25. Paragraph 25 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 25 of Plaintiff's Complaint.

26.     Paragraph 26 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 26 of Plaintiff's Complaint.

### Count III: Intentional Infliction Of Emotional Distress By HBN

27.     In response to Paragraph 27 of Plaintiff's Complaint, HBN re-alleges and incorporates by reference its responses to Paragraphs 1 through 26 as if fully set forth herein.

28.     Paragraph 28 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 26 of Plaintiff's Complaint.

29.     Paragraph 29 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 29 of Plaintiff's Complaint.

30.     Paragraph 30 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 30 of Plaintiff's Complaint.

31.     Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, HBN denies the allegations of Paragraph 31 of Plaintiff's Complaint.

### Count IV: Invasion Of Privacy By HBN

32.     In response to Paragraph 32 of Plaintiff's Complaint, HBN re-alleges and incorporates by reference its responses to Paragraphs 1 through 31 as if fully set forth herein.

33.     Paragraph 33 of Plaintiff's Complaint contains a legal conclusion to which no response is required.

34. Paragraph 34 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Paragraph 35 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37. Paragraph 37 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 37 of Plaintiff's Complaint.

<center>Count V: Violation Of The TCPA By HBN</center>

38. In response to Paragraph 38 of Plaintiff's Complaint, HBN re-alleges and incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

39. Paragraph 39, including all subparts, of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, HBN denies the allegations of Paragraph 39, including all subparts, of Plaintiff's Complaint.

<center>Count VI – X: Causes of Action Against Eastpoint Recovery Group, Inc.</center>

40. – 58. The allegations in Paragraphs 40 through 58 are directed at a party other than HBN, and therefore, no response is required by HBN.


<u>Demand For Relief</u>

HBN denies that Plaintiff is entitled to any of the relief sought in his Demand for Relief immediately following Paragraph 58 of Plaintiff's Complaint.

<u>AFFIRMATIVE DEFENSES</u>

*FIRST AFFIRMATIVE DEFENSE*

Plaintiffs fail to state a claim upon which relief may be granted.

*SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by estoppel or waiver.

*THIRD AFFIRMATIVE DEFENSE*

Plaintiff's damages, to the extent that he has any, were proximately caused by the actions or omissions of third-party(s), and not by the actions or omissions of HBN.

*FOURTH AFFIRMATIVE DEFENSE*

Plaintiff's damages, to the extent he has any, were proximately caused by his own actions or omissions, and not by the actions or omissions of HBN.

*FIFTH AFFIRMATIVE DEFENSE*

Plaintiff is comparatively or contributory at fault for his damages, if any.

*SIXTH AFFIRMATIVE DEFENSE*

Plaintiff failed to mitigate his damages, if any exist.

*SEVENTH AFFIRMATIVE DEFENSE*

Any alleged violation of the West Virginia Consumer Credit and Protection Act, which HBN expressly denies, was unintentional and the result of a bona fide error, notwithstanding procedures reasonably adopted and maintained to avoid the alleged violation or error.

*EIGHTH AFFIRMATIVE DEFENSE*

HBN pleads the defense of set off. To the extent that Plaintiff obtains any monetary recovery against HBN, such recovery should be set off by the amounts owed by Plaintiff on the underlying account.

*NINTH AFFIRMATIVE DEFENSE*

All or of a portion of Plaintiff's claims are preempted by state and/or federal statutes.

*TENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims may be subject to a binding and enforceable arbitration agreement.

*ELEVENTH AFFIRMATIVE DEFENSE*

To the extent Plaintiff may be making a claim for punitive or exemplary damages, HBN asserts the following defenses:

A. Plaintiff's claims for punitive damages violate, and therefore are barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(1) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes upon the Due Process

and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(3)     the procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(5)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(6)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(7)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

  (8)  the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

  (9)  the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

B. Plaintiff's claim for punitive damages violates and, therefore, is barred by the provision of the Constitution of the State of West Virginia, including but not limited to Article III, Sections 4, 5, 6 and 10, on grounds including the following:

  (1)  it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  (2)  the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

  (3)  the procedures to which punitive damages are awarded fail to provide a limit on the amount of the award against defendant;

  (4)  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

  (5)  the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

  (6)  the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(7) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(8) the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(9) the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### *TWELFTH AFFIRMATIVE DEFENSE*

Any alleged violation of the Telephone Consumer Protection Act, which HBN expressly denies, was unintentional and the result of a bona fide error, notwithstanding reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Any alleged violation of the Telephone Consumer Protection Act, which HBN expressly denies, is barred because Plaintiff provided prior express consent for any communications, which was not revoked.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

HBN reserves the right to amend and supplement its affirmative defenses to include any applicable defense of which it is not presently aware.

                                  **HSBC BANK NEVADA, N.A.**

                                  By: _____
                                                 Of Counsel

Sean R. Higgins (WV Bar No. 11466)
sean.higgins@nelsonmullins.com
**Nelson Mullins Riley & Scarborough LLP**
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
Phone: 617.573.4700
Fax: 617.573.4710

**COUNSEL FOR HSBC BANK NEVADA, N.A.**

                                          CERTIFICATE OF SERVICE

       The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 25, 2012                  */s/ Sean R. Higgins*