IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SCOTT MICHAEL SHAFFER,

          Plaintiff,

v.                                      CIVIL ACTION NO.   5:12-cv-00968

HSBC BANK NEVADA, NATIONAL
ASSOCIATION,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Scott Michael Shaffer, brings this action pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va.Code § 46A-1-1, et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.A. §227, with additional claims of common law negligence, intentional infliction of emotional distress, and invasion of privacy against Defendant, HSBC Bank Nevada, NA ("HBN"), for Defendant's allegedly unlawful and tortious actions in attempting to collect an alleged debt from Plaintiff through the use of telephone calls. ("Am. Compl." (Document 1-1), ¶ 9.)  Plaintiff states that "[o]n March 29, 2011, [he] retained . . . counsel to represent [his] interest in connection with the consumer indebtedness on which [he] had become in arrears" and the following day, during a phone call initiated by Defendant, he told Defendant's employee that he was represented by an attorney and provided the attorney's name and telephone number. (Am. Comp. ¶ 11-12.)

The Court has reviewed the *Plaintiff's Motion for Partial Summary Judgment* ("Pl.'s Mot." (Document 24)), attached exhibits, supporting memorandum ("Pl.'s Mem." (Document 25)), Defendant's response in opposition ("Def.'s Resp.")(Document 26), and Plaintiff's Reply ("Pl.'s Rep." (Document 27). After careful review of Plaintiff's Second Amended Complaint and the entire record, the Court, for the reasons stated herein, finds that Plaintiff's motion should be denied.

## I.     BACKGROUND

Plaintiff filed his Second Amended Complaint[1] in the Circuit Court of Raleigh County, West Virginia, alleging violations of the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A-1-1, et seq., the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as additional claims of common law negligence, intentional infliction of emotional distress, and invasion of privacy against Defendants, HBN and the Eastpoint Recovery Group, Inc. ("Eastpoint"),(Am. Compl.)   On April, 4, 2012, Defendant HBN removed the case to the United States District Court for the Southern District of West Virginia with the consent of co-defendant Eastpoint, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  ("Notice of Removal" (Document 1))[2] Defendant alleged that removal was timely because the notice was filed within thirty (30) days of receiving the Summons and Second Amended Complaint on March 5, 2012. (Notice of Removal at 2.)   Plaintiff did not challenge the removal.

---

1 Plaintiff's first Complaint did not name or identify Defendant, instead Plaintiff "incorrectly identified HSBC Bank USA, NA, which is a separate and distinct entity from HBN," and therefore, Plaintiff dismissed the case.
2 The Court notes that Defendant did not attach the state court docket sheet as required by Local Rules of Civil Procedure 3.4(b).

2

On April 10, 2012, HBN filed a *Motion to Compel Arbitration and to Dismiss or Stay Case* (Document 4), which the Court denied on May 18, 2012.  (Document 10.)  Defendant, HBN filed its answer on June 25, 2012.  (Document 15.)  On August 1, 2012, Defendant, Eastpoint, filed a proposed order dismissing itself with prejudice (Document 17).  On August 2, 2012, the Court entered a dismissal order dismissing the Eastpoint Recovery Group from this action, with prejudice. (Document 18.)

On October 28, 2012, Plaintiff filed a *Motion for Partial Summary Judgment*, attached exhibits, and supporting memorandum, wherein Plaintiff contends that "the undisputed evidence contained in [HBN's] discovery responses show that [HBN] initiated contact with the Plaintiff two hundred seventy-four (274) times following notification that the Plaintiff was represented by an attorney in violation of W.Va. Code §46A-2-128(e), which prohibits any communication by a debt collector with a consumer whenever it appears the consumer is represented by an attorney." (Pl.'s Mot. at 1.)  Plaintiff prays that the Court enter partial summary judgment against HBN by "[e]stablishing the liability of [HBN] for two hundred seventy-four (274) violations of W.Va. Code §46A-2-128(e); [i]mposing the maximum statutory penalty provided by W.Va. Code §46A-5-101(1) as adjusted for inflation for each of the two hundred seventy-four (274) violations; and [a]warding Plaintiff his reasonable attorney fees and costs pursuant to W.Va. Code §46A-5-104." (*Id*. at 2.)

On November 13, 2012, Defendant filed a response in opposition to Plaintiff's motion for partial summary judgment, wherein Defendant argues that Plaintiff's motion should be denied because: (1) "there is a genuine dispute of material fact as to whether Plaintiff actually made a required communication to trigger the protections of §46A-2-128(e)," specifically "whether

3

Plaintiff ever notified HBN of his counsel's identity or phone number;" (2) "Plaintiff's self-made call log . . . is inadmissible hearsay and cannot be considered as evidence to support his request for summary judgment;" and (3) "even assuming that Plaintiff's initial statement triggered HBN to reasonably ascertain his counsel's identity, Plaintiff admits he failed to answer the phone after March 30, 2011, and thus he cannot establish that HBN failed to comply with the statute." (Def.'s Resp. at 1-2.)

On November 19, 2012, Plaintiff filed his reply, wherein he references HBN's account note entry and the affidavit of its Vice President and argues that "even when the evidence proffered by [HBN] is viewed in the light most favorable to it, it fails to establish a genuine issue as to whether (1) Mr. Shaffer provided notice that he was represented by counsel and (2) that he provided his counsel's name and telephone number." (Pl.'s Rep. at 3-4.) Moreover, Plaintiff contends that "even if there did exist evidence to create a genuine issue as to whether Mr. Shaffer provided his counsel's name and telephone number, [HBN] has proffered not one scintilla of evidence that it made any effort to ascertain such information." (*Id.* at 4.)

On January 2, 2013, the parties filed a *Joint Motion to Continue Trial and Extend Scheduling Deadlines* (Document 29), which the Court granted in part and denied in part. On January 3, 2013, the Court ordered that the deadline for mediation be extended to January 22, 2013, but denied the motion in all other respects (Document 30.)

## II. STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

4

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "Material facts are those necessary to establish the elements of a party's cause of action." *Rawls v. Associated Materials, LLC.,* No. 1:10-cv-01272, 2012 WL 3852875, at *2 (S.D.W.Va. Sept. 5, 2012) (Faber, D.) (citing *Anderson*, 477 U.S. at 248). In other words, a "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir.2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. (*Id.*) "Even if there is no dispute as to the evidentiary facts, summary judgment is not appropriate when the parties dispute ultimate *factual conclusions. Rawls,* 2012 WL 3852875 at *2 (citing *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir.1991)(emphasis added)).

  The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "If the moving party meets its burden under Rule 56(a), then the non-moving party must set forth specific facts that would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial." *Rawls,* 2012 WL 3852875 at *2 (citing *Celotex,* 477 U.S. at 322-23). "At the summary judgment stage, the nonmoving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)).

5

In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. Moreover, in considering a motion for summary judgment, "the district court 'must review the motion even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" *Robinson v. Wix Filtration Corp*, LLC, 599 F.3d 403, 409 n.8 (4th Cir.2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993.)

### III. JURISDICTION

The threshold question for the Court to consider is whether it has federal subject matter jurisdiction in this case. By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Complaint alleges claims arising under state and federal law, therefore, Defendant removed on the basis of diversity, federal question, and supplemental jurisdiction. (Notice of Removal). In the Notice of Removal, Defendant contends that the Court has jurisdiction pursuant to 28 U.S.C. §1332 because (1) "the amount in controversy likely exceeds $75,000" and (2) there is diversity of citizenship between Plaintiff and Defendants. (*Id.* at 3-6.) Defendant asserts that under the TCPA, each alleged

6

violation is subject to a $500 penalty and "[u]nder the WVCCPA, civil penalties may, with an inflationary adjustment, be in excess of $4,400 per call." (*Id.* at 4.) Therefore, Defendant contends that the amount in controversy exceeds $75,000 because "counsel for HBN, in communications with counsel for Plaintiff, has learned that Plaintiff asserts that there are in excess of 250 illegal debt collection calls in this case." (*Id.* at 4.) Thus, "[u]nder the TCPA alone (250 x $500 = $125,000), potential damages exceed the statutory minimum for diversity." (*Id.* at 5.) Furthermore, Defendant asserted that there is diversity of citizenship between the parties because Plaintiff is a citizen of West Virginia, and Defendants are not. (*Id.* at 5-6.) Therefore, Defendant argues that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

Defendant also asserts that the Court has jurisdiction pursuant to 28 U.S.C. §1331 because "Plaintiff alleges in his Complaint that HBN and Eastpoint have violated the federal TCPA," and therefore, this action arises under the laws of the United States. (*Id.* at 6.) Defendant also contends that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because "Plaintiff's state law based claims are based upon the same factual allegations, including those alleging that HBN and Eastpoint engaged in improper debt collection calls." (*Id.*) Therefore, it argues the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. After careful review the Court finds it has subject matter jurisdiction in this matter.

## IV. DISCUSSION

The Court finds that *Plaintiff's Motion for Partial Summary Judgment* should be denied because Plaintiff has failed to meet his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

As stated above, Plaintiff's motion for partial summary judgment seeks an order from the Court "[e]stablishing the liability of [HBN] for two-hundred seventy-four (274) violations" of Section 128(e) of the WVCCPA. (Pl.'s Mot at 2.)

"The WVCCPA is a 'comprehensive consumer protection' law that incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and older West Virginia statutes." *Countryman v. NCO Financial System, Inc*., Civil Action No. 5:09-cv-0288, 2009 WL 1506720, at *2 (S.D.W.Va.2009) (Johnston, J.) (quoting *Cadillac v. Tuscarora Land Co.*, 412 S.E.2d 792, 794 (W.Va.1991)). The WVCCPA places "restrictions on the manner in which debt collectors may attempt to collect debts." (*Id.*) Plaintiff alleges that HBN violated Section 46A-2-128(e) by "initiat[ing] contact with [him] two hundred seventy-four (274) times following notification that [he] was represented by an attorney." (Pl.'s Mot. at 1.) Section 46A-2-128(e), the Representation Provision, provides in pertinent part, that:

> No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
> . . .
> (e) Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained . . .

W.Va. Code §46A-2-128(e). In other words, communications with a debtor are prohibited when it appears that the debtor is represented by an attorney *and* "the attorney's name and address are known, or could be easily ascertained." (*Id.*) "If, however, it appears that the debtor is represented but the name and address of the attorney are not known, the statute plainly commands that debt collectors attempt to ascertain the missing information." *Stover v. Fingerhut Direct Marketing, Inc.*, 709 F.Supp.2d 473, 484 (S.D.W. Va. Aug. 26, 2009)(Johnston, T.). However,

"[t]his is no heavy burden, as the statute requires that the attorney's name and address be ascertained when it can be done so 'easily.'" (*Id.*)

Based on Plaintiff's deposition testimony ("Exhibit 2" (Document 24-5)), Plaintiff's call log ("Exhibit 3" (Document 24-6) at 1), Defendant's answer to Plaintiff's interrogatory ("Exhibit 1" (Document 24-1) at 5), and Defendant's account notes ("Exhibit 1" (Document 24-4) at HBN-Shaffer 0043), Plaintiff contends that there is no genuine issue as to whether Plaintiff provided his counsel's name and telephone number. (Pl.'s Mem. at 2.) (Pl.'s Rep. at 3-4). In support, Plaintiff points to HBN's own account records which indicated that on a March 30, 2011 phone call with Plaintiff, Plaintiff "SAID WITH LAWYER WOULD NOT VERIFY IN WHAT CAPACITY." (Pl.'s Mem. at 2) (citing Exhibit 1 at HBN-Shaffer 0043). Plaintiff argues that this notation "do[es] not establish, or even begin to imply, that [he] did not provide the name and number of his counsel" as "such entry establishes only (1) that [he] informed [HBN] that he was represented by counsel and (2) that he did not verify the capacity of that representation." (Pl.'s Rep. at 2.) Plaintiff relies on his deposition testimony and his call log to support his assertion that he did in fact provide HBN with his attorney's name and telephone number. In Plaintiff's call log, for the entry dated March 30, 2011, at 7:49pm, Plaintiff wrote "[t]old HSBC to contact my attorney who was representing me. Brandon Shumaker 304-324-0304." (Exhibit 3 at 1.) Moreover, Plaintiff testified that he told HBN twice during that March 30, 2011 phone call that he was represented by a lawyer, Mr. Shumaker, and to call him at a certain number. (Exhibit 2 at 53:4-22, 60:17-61:3, 89:12-90:03.) Therefore, Plaintiff contends that he is entitled to summary judgment as to HBN's two hundred seventy-four (274) separate violations of West Virginia Code §46A-2-128(e) because HBN continued to call him following notification that he was "represented

9

by an attorney and the attorney's name and address are known." (Pl.'s Mem. at 5), (W.Va. Code §46A-2-128(e)).

Alternatively, Plaintiff argues that "whether he did or did not provide his attorney's name and address is not a material issue of fact to defeat summary judgment where W.Va. §46A-2-128(e) itself places a burden on [HBN] to attempt to ascertain such information after it was made aware by [Plaintiff] that he was represented." (Pl.'s Mem. at 3.)  Plaintiff argues that "[a] thorough review of [HBN's] Call Log and Account Notes fail to show that [HBN] took any action to ascertain [his] attorney's information." (*Id.*)  Specifically, Plaintiff contends that after being advised he was represented by counsel, HBN made two hundred seventy-four (274) telephone calls but neither left a voicemail requesting any additional information nor attempted to ascertain such information by written communication. (*Id.*), (Pl.'s Rep. at 4)(citing Exhibit 2 at 107:10-14).  Thus, Plaintiff argues that Defendant has not met his burden under the statute, thereby violating West Virginia Code §46A-2-128(e) by calling Plaintiff when it was aware that he was represented by counsel and the attorney's name and address "could be easily ascertained." (Pl.'s Rep. at 4), (W.Va. Code §46A-2-128(e)).

Defendant asserts that there is a genuine issue of material fact as to whether Plaintiff advised HBN of his attorney's name and telephone number as the parties have "submitted contradictory evidence regarding the nature of [Plaintiff's] communication with HBN." (Def.'s Resp. at 3, 6.)  Plaintiff claims that he did, while Defendant claims he did not. (*Id.* at 3.)  Defendant argues that "[s]uch a discrepancy regarding the nature of the communication precludes summary judgment." (Def.'s Resp. at 3-4.)  Defendant contends that "[a]ccording to HBN's records, Plaintiff stated to HBN that he was represented by counsel but failed to provide his

counsel's name or phone number." (Def.'s Resp. at 2.) Defendant cites its account notes which indicate that Plaintiff said he was "with [a] lawyer, but that he 'would not verify in what capacity." (Def.'s Resp. at 2.) Therefore, Defendant argues that "[a] reasonable juror could conclude, based upon HBN's evidence, which includes admissible business records, that Plaintiff never provided his counsel's name and phone number." (Def.'s Resp. at 4.) Defendant also argues that "[i]t is impossible for Plaintiff to establish that HBN 'fail[ed] to t[ake] any action to ascertain [his] attorney's information' when he failed to answer HBN's phone calls after March 30, 2011." (Def.'s Resp. at 8)(citing Exhibit 2 at 61:4-6 (Plaintiff admits that he failed to answer any phone calls from HBN after March 30, 2011)).

Viewing the facts in the light most favorable to the Defendant, the Court finds that there is a genuine issue of material fact as to whether Plaintiff provided Defendant with his attorney's name and telephone number, thereby precluding an entry of summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Plaintiff and Defendant have submitted contradictory evidence regarding the March 30, 2011 telephone conversation between Plaintiff and HBN. Plaintiff contends that he did provide HBN with his attorney's name and telephone number and relies on HBN's account notes, his call log, and his deposition testimony. (Pl.'s Mem.) On the other hand, Defendant asserts that Plaintiff did not provide that information based on its account notes and affidavit of Marilou Sullivan, a Vice President for HBN. (Def.'s Resp. at 4.) As stated above, in considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Whether or not Plaintiff provided his attorney's name and telephone number is a factual issue that can only be resolved by a trier of fact because, given the parties'

11

respective evidence, it can reasonably be resolved in favor of either party. (*Id*. at 250.) Therefore, summary judgment is inappropriate. (*Id.*)

Even if the Court held that there was no genuine issue of material fact as to the whether Plaintiff provided Defendant with his attorney's name and telephone number, the Court finds that Plaintiff has not shown that he is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under West Virginia Code §46A-2-128(e), when it appears that the debtor is represented by counsel but the name and telephone number of the attorney is not known, debt collectors are required to attempt to ascertain the missing information. *Stover v. Fingerhut Direct Marketing, Inc.*, 709 F.Supp.2d 473, 484 (S.D.W. Va. Aug. 26, 2009)(Johnston, T.), W.Va. Code §46A-2-128(e). However, they are only required to do so when the information is "easily ascertained." (*Id.*) Plaintiff has not shown that the information was "easily ascertain[able]." W.Va. Code §46A-2-128(e). Therefore, for the reasons stated herein, the Court finds that Plaintiff's motion for partial summary judgment should be denied.

## V. CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that *Plaintiff's Motion for Partial Summary Judgment* (Document 24) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 17, 2013

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA